IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARYAM ASLANI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16 C 10476 |
| ) | |
| RENEE McCARTHY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM**

This Court has received the Judge's Copy of the Complaint brought by Maryam Aslani ("Aslani") against Renee McCarthy ("McCarthy") to advance claims that she labels as "Title IX violation, Title IX retaliation, and intentional infliction of emotional distress." This memorandum is issued sua sponte because the obviously bright plaintiff[1] has sought to act pro se. But regrettably brightness does not automatically translate into the preparation of a viable legal complaint, although this Court consistently follows the Supreme Court's teaching in Haines v. Kerner, 404 U.S. 519 (1972) that the work of pro se plaintiffs is to be viewed through a more generous lens than that of members of the bar.

In this instance Aslani's Complaint, though she asserts wrongdoing on the part of individual defendant McCarthy, is far too repetitive and narrative in nature to meet the standard prescribed by Fed. R. Civ. P. ("Rule") 8(a)(1) and (2):

---

[1] At the time that Aslani suffered the asserted wrongs of which she complains, page 5 of her self-prepared Complaint alleges that she was just two months short of getting her M.D. degree, having completed her undergraduate work with a 4.0 GPA and a Summa Cum Laude ranking, followed by honors work throughout medical school at the University of Illinois at Chicago College of Medicine.

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief.

That is particularly puzzling, for Complaint Ex. 3 is a June 27, 2016 letter from Chicago lawyer Jim Nevarre to defendant McCarthy (a lawyer in the Office of University Counsel to the University of Illinois at Chicago) setting out the claims on which Aslani now sues. Because Aslani's self-prepared Complaint really cannot be dealt with as a viable pleading in its present form,[2] this sua sponte memorandum confirms that no appropriate action is possible on Aslani's lawsuit until the present Complaint is replaced by an Amended Complaint that will permit defendant McCarthy and this Court to deal with it in an effective way.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 14, 2016

---

[2] This Court expresses no substantive view as to the viability or nonviability of Aslani's charges.