## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MARYAM ASLANI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16 C 10476 |
| | ) |
| RENEE McCARTHY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Fully 2-1/2 months ago this Court issued a brief memorandum (copy attached) in which it despaired of any ability to go forward with the action brought by Maryam Aslani ("Aslani") against Renee McCarthy ("McCarthy") "[b]ecause Aslani's self-prepared Complaint really cannot be dealt with as a viable pleading in its present form." Although that memorandum concluded by "confirm[ing] that no appropriate action is possible on Aslani's lawsuit until the present Complaint is replaced by an Amended Complaint that will permit defendant McCarthy and this Court to deal with it in an effective way," Aslani has done nothing at all in that respect.

Meanwhile lawyer William Eveland ("Eveland") has filed an appearance for McCarthy on December 15 (Dkt. No. 8), but he too has done nothing to bring the case into a judicially cognizable posture -- or for that matter, to seek dismissal because of Aslani's failure to act. No case on this Court's calendar can be permitted to remain in limbo as this one has, and for that reason this Court asked its even-numbered law clerk to call Aslani to inquire as to her intentions to act (without of course engaging in any discussion that might collide with the prohibition on ex-parte communications).

Aslani's response to that inquiry was that she was seeking a lawyer, and she took the occasion to inquire as to how her lawsuit might be transferred to Virginia, where she now resides. Needless to say, this Court's properly-cautioned law clerk responded that she was not in a position to provide any views or information on that subject.

Under the circumstances this Court sets a status hearing for 9:15 a.m. February 16, 2017, at which Aslani (or any attorney who she may have retained by that time) and attorney Eveland are ordered to be present. If no arrangements have been made before then to move this case forward in a meaningful fashion, this Court will give serious consideration to dismissal of the action for want of prosecution.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 1, 2017

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARYAM ASLANI,                )
                              )
            Plaintiff,        )
                              )
       v.                     )    Case No. 16 C 10476
                              )
RENEE McCARTHY,               )
                              )
            Defendant.        )

## MEMORANDUM

This Court has received the Judge's Copy of the Complaint brought by Maryam Aslani ("Aslani") against Renee McCarthy ("McCarthy") to advance claims that she labels as "Title IX violation, Title IX retaliation, and intentional infliction of emotional distress." This memorandum is issued sua sponte because the obviously bright plaintiff[1] has sought to act pro se. But regrettably brightness does not automatically translate into the preparation of a viable legal complaint, although this Court consistently follows the Supreme Court's teaching in Haines v. Kerner, 404 U.S. 519 (1972) that the work of pro se plaintiffs is to be viewed through a more generous lens than that of members of the bar.

In this instance Aslani's Complaint, though she asserts wrongdoing on the part of individual defendant McCarthy, is far too repetitive and narrative in nature to meet the standard prescribed by Fed. R. Civ. P. ("Rule") 8(a)(1) and (2):

---

[1] At the time that Aslani suffered the asserted wrongs of which she complains, page 5 of her self-prepared Complaint alleges that she was just two months short of getting her M.D. degree, having completed her undergraduate work with a 4.0 GPA and a Summa Cum Laude ranking, followed by honors work throughout medical school at the University of Illinois at Chicago College of Medicine.

ATTACHMENT

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief.

That is particularly puzzling, for Complaint Ex. 3 is a June 27, 2016 letter from Chicago lawyer Jim Nevarre to defendant McCarthy (a lawyer in the Office of University Counsel to the University of Illinois at Chicago) setting out the claims on which Aslani now sues. Because Aslani's self-prepared Complaint really cannot be dealt with as a viable pleading in its present form,[2] this sua sponte memorandum confirms that no appropriate action is possible on Aslani's lawsuit until the present Complaint is replaced by an Amended Complaint that will permit defendant McCarthy and this Court to deal with it in an effective way.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 14, 2016

---

[2] This Court expresses no substantive view as to the viability or nonviability of Aslani's charges.