# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARYAM ASLANI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16 C 10476 |
| | ) |
| BOARD OF TRUSTEES OF THE | ) |
| UNIVERSITY OF ILLINOIS, AMY | ) |
| TRUELOVE, KATHLEEN KASHIMA, | ) |
| and TIMOTHY MURPHY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Counsel for the sole remaining defendant, Board of Trustees of the University of Illinois (designated by counsel as the "University"), have filed the University's Answer (Dkt. No. 49) and Affirmative Defenses (Dkt. No. 50) to the Amended Complaint brought by Maryam Aslani ("Aslani"). Although this Court has not sought to be exhaustive in addressing those responsive pleadings, more than one aspect of counsel's filings indicates that counsel would do well to read and to give consideration to the several aspects of the App'x to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276 (N.D. Ill. 2001).

For one thing, there is no justification for counsel's departure from the straightforward disclaimer prescribed by Fed. R. Civ. P. ("Rule") 8(b)(5). Accordingly Answer ¶¶ 1, 16, 17, 18, 20, 21 and 27 are stricken, but with leave granted to file an Amended Answer correcting that repeated flaw on or before August 24, 2017.

In addition, Answer ¶¶ 40 and 41 inappropriately fail to respond to the corresponding allegations in the Amended Complaint because each of those allegations "merely states a legal

conclusion." That is an impermissible basis for a nonresponse, so that the offending paragraphs are also stricken, and the error should be corrected in the Amended Answer.

Finally, both aspects of the University's Affirmative Defenses are problematic. Here are the errors that must also be corrected by the same date:

1. In the First Affirmative Defense the University sets out a reason that does not comply with the principle underlying Rule 8(c) and the caselaw applying that Rule, for the University's assertion there is at odds with Amended Complaint ¶ 42.

2. As for the Second Affirmative Defense, which asserts an Eleventh Amendment bar to any claim for monetary damage against the University, it is unclear whether counsel's position is that the assertion would bar Aslani from obtaining relief under Title IX, 20 U.S.C. § 1681. That should be cleared up in any rewrite of the Affirmative Defenses.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 10, 2017