**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARYAM ASLANI, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 16-CV-10476** |
| | ) | |
| BOARD OF TRUSTEES OF THE | ) | |
| UNIVERSITY OF ILLINOIS, | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION**

Defendant, The Board of Trustees of the University of Illinois (the "University"), by and through its attorneys, Norman P. Jeddeloh and William T. Eveland of Arnstein & Lehr LLP, in Opposition to Plaintiff's "Motion to Join Babak Lami, M.D. as Necessary Party and to Amend the Complaint, With Summons to Issue" (the "Motion"), states as follows:

1.    Introduction.  Plaintiff Maryam Aslani, a former medical student (hereinafter "Aslani"), seeks to amend her straightforward federal Title IX complaint against the University by adding a new defendant, Babak Lami, M.D., an individual who purportedly supervised her in a self-directed education experience in his office in July through September 2015, bringing against him alone a state claim under the Illinois Gender Violence Act, 740 ILCS 82/1.  She seeks to evoke this Court's supplemental (pendant) jurisdiction to bring this new claim against this new party, creating thereby in effect a case within a case.  She says Dr. Lami is a necessary party defendant to this action (Motion, p. 1).

As reflected in Aslani's First Amended Complaint (to which the University has filed its Answer), Aslani accuses the University of retaliating against her because of false statements made to the University by Dr. Lami resulting in her dismissal from medical school.  She says

that the University's reliance upon Dr. Lami's statements violated Title IX since they furthered Dr. Lami's retaliatory motives in making the statements in the first place. Neither the Amended Complaint nor the Second Amended Complaint allege that Dr. Lami ever has been an agent of the University in any conduct of which he is accused. Aslani's claim under the Gender Violence Act, as contained in the proposed Second Amended Complaint, essentially asserts that Dr. Lami subjected Aslani to unwanted sexual advances and touching when she was in his office for the self-directed education experience.

This Court should deny Aslani's motion. This Court should not assume jurisdiction over Aslani's state court claim against Dr. Lami since Dr. Lami is not a necessary party to this action under F.R.C.P. Rule 19, since the doctrine of pendant (supplemental) jurisdiction cannot be extended to allow the addition of new parties who are only implicated in a state law claim separate from the federal claim giving rise to jurisdiction in the first place, and since a parallel case is already pending in state court filed by Aslani against Lami.

2.    Lami is not a necessary party under F.R.C.P. Rule 19. While Aslani claims justification for the bringing of the Second Amended Complaint by contending that Dr. Lami is a necessary party presumably under F.R.C.P. Rule 19, she makes no effort to support that contention by an analysis of the standards set forth in Rule 19 for the joinder of a necessary party. She does not demonstrate that, without Dr. Lami, this Court could not afford complete relief against the University or that Dr. Lami claims any interest at all relating to the subject matter in the case against the University. As Aslani in her Motion asserts, Dr. Lami will most likely be a witness in the case she has filed against the University but, once again, Aslani fails to demonstrate that, for that reason alone, Dr. Lami must be added as a party defendant. There is

no suggestion that his testimony may not be secured through the process set forth in F.R.C.P. Rule 45.

3.     Pendant (supplemental) jurisdiction does not extend to allow the addition of Dr. Lami and his state court complaint.    In *Swanee Bee Acres, Inc. v. Fruit Hill, Inc.*, 597 F. Supp. 322, 326 (N.D. Ill. 1984) a case on procedural all fours with this one, the court so held.  In reaching this conclusion, the district court relied on the Seventh Circuit decision of *U. S. Gen., Inc. v. City of Joliet*, 598 F.2d 1050, 1055 (7th Cir. 1979), noting that there was no abuse of discretion by the trial judge in dismissing a state count against a new party, because "the addition of a completely new party for purposes of a state law claim over which there was no independent basis of federal jurisdiction would run counter to the well-established principle that federal courts as opposed to state courts are courts of limited jurisdiction." *See also Oakhill Cemetery of Hammond, Inc. v. Tri-State Bank*, 513 F. Supp. 885, 893 (N.D. Ill. 1981) ("the law of this Circuit indicates that the doctrine of pendent jurisdiction should not be extended to additional parties").

4.     This Court should not exercise supplemental jurisdiction since Aslani has already filed a state claim against Dr. Lami.  Her claim against Dr. Lami in the 22nd Judicial District of the Illinois is attached hereto as Exhibit A.  That case brings several different claims against Dr. Lami, but essentially contends that he lied to the University about their interactions when she was present in his office in July through September, 2015.  In that case, filed on March 21, 2016, Dr. Lami has answered and the parties are engaged in discovery.  Both her existing state lawsuit against Dr. Lami and her proposed claim against Dr. Lami under the Illinois Gender Violence Act arise from the same set of facts, their interactions in Lami's office in the relevant period. Aslani does not contend, nor could she reasonably contend, that she has no basis to amend that lawsuit to include her Gender Violence Act claim.  Under the Illinois Code of Civil Procedure,

Section 5/2-616, amendments to complaints are to be freely allowed even after judgment (*See especially, Section 5/2-616(c)).*

This pending case provides an additional reason as to why this Court should deny Aslani's motion. Pendant (supplemental) jurisdiction is a doctrine of discretion, and not a matter of right. *Swanee Bee Acres,* 597 Fed.Supp. at 326. The justification for pendant jurisdiction "lies in judicial economy, convenience and fairness to litigants. If these are not present . . . a federal court should hesitate to exercise jurisdiction over state claims." *City of Joliet*, 598 F.2d at 1055. The fact that a parallel case is already pending in the 22nd Judicial District strongly supports dismissal rather than retention of the state claims under the doctrine of supplemental jurisdiction. In a case like this where there is a parallel case pending "fairness considerations do <u>not</u> weigh in favor of the plaintiff." *Notrica v. Board of Supervisors of County of San Diego*, 925 F.2d 1211, 1215 (9th Cir. 1991) (emphasis added).

If Aslani wishes to bring a case against Dr. Lami under the Illinois Gender Violence Act, she should seek amendment of her state claim to do so. She should not seek to unduly complicate the case she has brought against the University with this additional case within a case.[1]

WHEREFORE, The Board of Trustees of the University of Illinois prays that this Honorable Court deny Plaintiff's Motion to join Dr. Lami as a necessary party and to amend the complaint.

Respectfully submitted,

---

[1] Aslani has a penchant for bifurcating her claims. She also has a pending case against the University in the Circuit Court of Cook County styled *Aslani v. Board of Trustees of the University of Illinois*, Case No.16 CH 04181 on essentially the same facts and has also brought claims in the Northern District of Illinois against two University administrators in separate claims, which have just now been voluntarily dismissed. *(See Aslani v. Curry*, Case No. 17-cv-00590 and *Aslani v. Kashima*, Case No. 17-cv-00584). In this case as well, she has also previously brought claims against some of the same administrators who she separately sued, but those claims have been dismissed by action of the Court on motion of those defendants (*See Memorandum and Order dated July 6, 2017 and August 10, 2017*).

114357733.1                                                                                                      14723.0161

4

5

**BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS**

By:    /s/ Norman P. Jeddeloh
              One of Its Attorneys

Norman P. Jeddeloh
William T. Eveland
ARNSTEIN & LEHR, LLP
161 North Clark Street, Suite 4200
Chicago, Illinois  60601
(312) 876-7100 PH

114357733.1                                                            14723.0161